BECKET v. S. S. HEPWORTH CO. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Appeal from Municipal Court, Borough of Brooklyn, First District. Action by William Becket, as administrator, against the S. S. Hepworth Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered. Peter B. Olney, Jr., for appellant. John F. Brush, for respondent.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the proof indicates that the purchaser was the agent.

HOOKER, J. (dissenting). The plaintiff, as the administrator of the estate of George Becket, deceased, declares upon a so-called credit memorandum issued by the defendant to plaintiff's intestate, by which the defendant acknowledged itself indebted to plaintiff's intestate in the sum of $318.58 for 5 per cent. commission on a shipment to Zarraga & Co., of Caibarien, Cuba, of machinery manufactured by the defendant. The defendant urges that the plaintiff's intestate was guilty of a violation of the provisions of section 384r of the Penal Code in agreeing to accept this commission, and by reason thereof, and of the decision in Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830, the plaintiff may not recover. So much of the section of the Penal Code as is material reads as follows: "An agent, employé or servant, who, being authorized to procure materials, supplies or other articles either by purchase or contract for his principal, employer or master, or to employ service or labor for his principal, employer or master, receives directly or indirectly, for himself or for another, a commission, discount or bonus from the person who makes such sale or contract, or furnishes such materials, supplies or other articles, * * * shall be guilty of a misdemeanor," etc. The trouble with the defendant's claim is, however, that nowhere in the evidence does it appear that plaintiff's intestate was an agent, employé, or servant of the purchaser of the goods, or that he ever had any business rela-

tions with them whatever, except the authority to buy these goods. Nowhere in the evidence is disclosed what the nature of George Becket's business was. It seems to be established that in the month of July, 1907, at any rate, he was in Havana, Cuba, where is located the business of the Zarraga Company. On the 10th of that month that company addressed a letter to him as follows: "George Becket, Esq., City—Dear Mr. Becket: Since you are going to New York, and having decided to purchase a set of centrifugals for the Estate Adela, I wish that you order for our account and to be shipped by one of Munson's steamers to Caribarien: [Here follows a description of the machinery desired.] Upon receipt of your notice we will instruct our bankers, Messrs. Muller, Schall & Co., to pay the amount against shipping document as usual." This letter merely indicates plaintiff's intestate was in Havana at the time it was written and was going to New York City, but constitutes no evidence whatever that intestate was in the employ, as servant, agent, or otherwise, of the intending purchasers. The presumption must, of course, be indulged, if the circumstances permit, that the conduct of the intestate in agreeing to accept 5 per cent. commission upon this purchase, as he later did when he went to New York and made it, was innocent, rather than a breach of the duty of fidelity which he would have owed to the purchasers, had he been their agent. The evidence is just as susceptible of the conclusion that the intestate was the broker engaged in making purchases of this sort, where his compensation was to be obtained from the purchase price itself, as that he maintained relations toward the purchaser which would be violated by his receiving compensation in that way. It is hardly necessary to suggest that the evidence must be clear, and not doubtful, or left to surmise, upon which it is sought to charge an agent, whether regularly or merely temporarily in the employ of another, with a betrayal of his principal's interests. Such evidence in this case is wholly wanting, and the judgment must be affirmed, with costs.